**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01826-STV

FRANCIS RICHARD FORTUNY ROGENA,

    Petitioner,

v.

KELEI WALKER; *et al*,

    Respondents.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Francis Richard Fortuny Rogena's Petition for Writ of Habeas Corpus (the "Petition") [#1]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7] In his Petition, Mr. Fortuny Rogena seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#1] Mr. Fortuny Rogena seeks a writ ordering Respondents to immediately release him or, in the alternative, requiring that Respondents provide him with a bond hearing. [*Id.* at 21] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition.

As Respondents note, the central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention under 8 U.S.C. § 1225(b) or whether such a noncitizen is

entitled to seek a bond hearing under 8 U.S.C. § 1226(a).  Respondents concede, with appreciated candor, that this same legal question has already been addressed by this Court.  [#10 at 2 (citing *Inestroza Paguada v. Choate*, No. 25-cv-03970-STV, 2026 WL 621282 (D. Colo. Mar. 5, 2026)]  Indeed, this same legal question has been addressed by this District on numerous occasions over the past several months.  *See*, *e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313 (D. Colo. Feb. 24, 2026); *Chavez Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634 (D. Colo. Feb. 3, 2026); *Tumax Caniz v. Warden*, No. 25-cv-03969-NRN, 2026 WL 820813 (D. Colo. Mar. 25, 2026); *Aleman Hernandez*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025).  All these courts have held that an individual who has been living in the United States for years is not "seeking admission" such that their detention is mandatory under Section 1225.  Petitioner here presents an analogous fact pattern.  He entered the United States in 2022 and has been living in the United States since then.  [#1 at ¶ 29]  In such a case, Petitioner is entitled to a bond hearing under Section 1226(a), and not immediate release, for the reasons articulated in the many analogous orders that have been produced by this District.  *See, e.g.*, *Guevara Garcia v. Baltasar*, No. 1:26-cv-01012-SKC, 2026 WL 835766, at *3 (D. Colo. Mar. 26, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17, 2026).

For the foregoing reasons, it is **ORDERED**:

2

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED IN PART**;[1]

(2) Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within **SEVEN DAYS** of the date of this Court's Order;

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance.  The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial; and

(4) Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order, or the bond hearing ordered herein has been conducted.

DATED:  May 13, 2026                                      BY THE COURT:


s/Scott T. Varholak
United States Magistrate Judge

---

[1] To the extent Petitioner seeks an award of attorney's fees, he may file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.